IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOUSSAM ALBOURQUE, | ) | CASE NO. 1:110CV1506 |
| | ) | |
| Petitioner, | ) | JUDGE ADAMS |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| MARGARET BRADSHAW, Warden, | ) | |
| INSTITUTION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 8 |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Houssam Albourque ("Albourque") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 22, 2011. Albourque is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases of *State of Ohio vs. Albourque*, Cases No. CR 469393 and 468397[1] (Cuyahoga County 2005). For the reasons set forth below, the court should dismiss Albourque's petition.

---

[1] In Case No. 469393, Albourque pleaded guilty to involuntary manslaughter and aggravated robbery, both with firearm specifications. In Case No. CR 468397, Albourque pleaded guilty to drug trafficking, drug possession, and possessing criminal tools. Although Albourque's habeas petition asserts that he is challenging his convictions in both cases, his habeas petition raises only claims arising from Case No. 469393. *See also* Answer, Doc. No. 6, p. 1 n.1. Consequently, this report and recommendation addresses only the facts, claims, and law related to Case No. 469393.

I.

The May 2005 term of the Cuyahoga County grand jury indicted Albourque on one count of felony murder with a firearm specification, one count of aggravated murder with a firearm specification, and two counts of aggravated robbery, each with a firearm specification.  Albourque initially pleaded not guilty.  The court subsequently filed the following three journal entries in Case No. 469393:

- In a journal entry dated February 27, 2006, Albourque withdrew his plea of not guilty and entered a plea of guilty to a reduced charge of involuntary manslaughter with a firearm specification and aggravated robbery with a firearm specification.  All other counts were dropped.  The journal entry noted a plea agreement on the record.  That agreement specified that Albourque was to cooperate with the state and police and testify truthfully against his co-defendants and any other defendants.  In return, Albourque would receive a sentence of 21 years' imprisonment with no early release, including nine years' consecutive imprisonment for each of the two remaining major felonies, three years for each firearm specification to be served concurrently with each other and consecutively to the other terms of imprisonment, and a mandatory period of five years of post-release control.  Sentencing was held in abeyance until a co-defendant's case was resolved.

- On March 13, 2006, the court journalized a *nunc pro tunc* entry for February 27, 2006.  The entry declared that if Albourque failed to testify truthfully as agreed, the sentencing agreement would be null and void.

2

- In an journal entry dated March 21, 2006, the court sentenced Albourque to the agreed sentence. In addition, the court also sentenced Albourque to spend one day every year in solitary confinement on the anniversary of his crime.

Almost three years later, on March 18, 2009, Albourque filed in the trial court a motion for sentencing. In his motion, Albourque contended that his original sentencing was void for vagueness because his sentence for post-release control did not specify to which felony conviction it was related. The court denied this motion on April 20, 2009.

On April 27, 2009, Albourque filed a notice of appeal of the trial court's denial of his motion for sentencing. On June 1, 2009, the state appellate court dismissed Albourque's appeal *sua sponte* because the order from which he was appealing was not a final, appealable order.

On June 18, 2009, Albourque moved in the trial court for a final, appealable order. Albourque attacked the *nunc pro tunc* entry of March 13, 2006[2] and the related February 27, 2006 entry of his guilty plea, claiming that these constituted his sentencing entry and that they violated Ohio law because (1) they sentenced him to an annual day of solitary confinement in violation of Ohio sentencing laws and (2) multiple documents could not be read together to form a final, appealable order. He, therefore, moved the court to issue such an order. The trial court denied this motion on June 24, 2009.

On February 12, 2010, Albourque moved in the trial court to revise or correct his entry of sentence to conform with the requirements of Ohio Crim. R. 32(C). The trial

---

[2] Albourque erroneously identified this as a *nunc pro tunc* entry of "March 31, 2006," reversing the two digits. The record contains no journal entry for that date.

3

court denied this motion on February 18, 2010.

On March 16, 2010, Albourque filed in the state appellate court a petition for a writ of mandamus, asking the appellate court to order the trial court to issue a final appealable order in conformity with Ohio Crim R. 32(C). In response, the state filed a motion for summary judgment. On September 13, 2010, the state appellate court denied the state's motion for summary judgment and granted Albourque's petition. Upon reconsideration,[3] the court granted the state's motion for summary judgment and denied the petition on November 3, 2010. The state appellate court found that the trial court had, indeed, filed an appealable judgment of sentence on March 21, 2006. For this reason, Albourque's petition for a writ of mandamus to compel the trial court to issue a "final appealable order" was unnecessary. The appellate court also noted that a denial of a motion for sentencing, which was the order that Albourque first appealed to the state appellate court on March 18, 2009, was not a final appealable order under Ohio law. Thus, the state appellate court's decision dismissing Albourque's first appeal *sua sponte* for lack of a final appealable order was correct. The appellate court concluded by observing that Albourque had not given the appellate court the opportunity to exercise its *appellate* jurisdiction with respect to whether the entry of sentence against him was a final appealable order. On December 3, 2010, Albourque moved to re-instate his appeal. The state appellate court denied this motion on December 6, 2010.

Albourque filed in the Ohio Supreme Court on December 14, 2010 a notice of

---

[3] The state filed a motion for relief from judgment, which the appellate court construed as a motion for reconsideration.

4

appeal of the state appellate court's decision. Albourque asserted two propositions of law in his memorandum in support of jurisdiction:

> Proposition of Law No. I: The court of appeals lacked subject matter jurisdiction to entertain a motion for reconsideration with an original action after a final order was issued.
>
> Proposition of Law No. II: The court of appeals erred, or, in the alternative, abused its discretion when it entertained the Respondent-Appellee's motion for relief from judgment pursuant to Ohio Civ. R. 60(B).

(Punctuation altered from the original). On April 26, 2011, the Ohio Supreme Court affirmed the judgment of the state appellate court.

Albourque filed in the state appellate court on January 6, 2011 a notice of delayed appeal and motion for leave to file a delayed appeal pursuant to Ohio App. R. 5(A). Albourque cited as cause for the delay in filing an appeal the trial court's erroneous assertion at sentencing that he had no appellate rights and his attorney's failure to correct that error. On February 16, 2011, the state appellate court denied leave to file a delayed appeal.

On March 30, 2011, Albourque filed in the Ohio Supreme Court a notice of appeal of the state appellate court's denial of leave to file a delayed appeal.

> Proposition of Law No. I:
>
> When a trial court fails to inform a defendant of his appellate rights and defendant's ability to appeal is foreclosed as a result, defendant is denied due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> Proposition of Law No. II:
>
> When the trial court erroneously informed Albourque that he had no appellate rights following imposition of sentence, and trial counsel fails to correct that error or inform him of his right to appeal, Albourque was denied the effective

5

>assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

On May 25, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On July 22, 2011, Albourque filed in this court a petition for a federal writ of habeas corpus. Albourque asserts three grounds for relief in his petition:

>GROUND ONE: Petitioner was denied due process of law where the state courts have failed to issue a "final appealable order" in the Petitioner's criminal case.
>
>GROUND TWO: Petitioner was denied due process of law when he has been repeatedly denied his constitutional right to appeal his sentence and conviction.
>
>GROUND THREE: The Petitioner was denied due process when he was sentenced on multiple charges and improperly imposed post release control in multiple documents which renders the judgment of conviction void and non-final not allowing the Petitioner to appeal his criminal case, and counsel failing to correct such error rendering ineffective assistance.

(Capitalization and punctuation altered from the original.) Respondent filed a motion to dismiss on March 21, 2011. Doc. No. 8. Albourque filed a response on June 15, 2011. Doc. No. 16. Thus, the motion to dismiss is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Albourque. Albourque filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

>Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed

> in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Albourque's petition.

*B. Statute of Limitations*

Respondent argues that Albourque's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)"). The court shall examine the application of § 2244(d)(1) to Albourque's claims.

   *1.   First and second grounds for relief*

Albourque's first ground for relief asserts that he was denied due process when the state courts allegedly failed to issue a final appealable order in his case. His second ground for relief contends that he was denied due process when he was denied his

7

constitutional right to appeal his sentence and conviction. According to Albourque, he was unable to appeal his sentence and conviction because the trial court refused to issue a final, appealable order, which was necessary before he could file an appeal. Thus, both grounds for relief rest upon the same assumption: The trial court failed to issue a final, appealable order.

The problem with Albourque's arguments is that the factual assumption upon which they are based is wrong. Albourque assumes that the appellate court's determination that there was no final appealable order referred either to the "combined" journal entries of March 13, 2006, *nunc pro tunc*, and February 27, 2006 or to the journal entry of sentence of March 21, 2006. It did not. The state appellate court ruled that the denial of the motion for sentencing issued by the trial court on April 20, 2009 was not a final order from which Albourque could appeal. The state appellate court also ruled in a later decision that the journal entry of March 21, 2006 was a final, appealable order.

Because judgment of sentence was entered in Albourque's case on March 21, 2006, Albourque had until April 20, 2006 to file a direct appeal. *See* Ohio App. R. 4(A). When Albourque failed to file a direct appeal, the statutory period began to run on April 21, 2006 and expired on April 21, 2007. Thus, Albourque's first two grounds for relief are barred by the statute of limitations.

*2. Third ground for relief*

Albourque's third ground for relief, that the trial court failed to inform him of his appellate rights and his attorney failed to correct that error or inform him of his right to appeal, accrued when judgment of sentence was entered in Albourque's case on March

8

21, 2006. Albourque had until April 20, 2006 to file a direct appeal and failed to do so. When Albourque failed to file a direct appeal, the statutory period began to run on April 21, 2006 and expired on April 21, 2007. Thus, Albourque's third ground for relief is also barred by the statute of limitations unless the limitation period is tolled.

Albourque argues that he filed his petition for a writ of habeas corpus within the statutory period because his motions, appeals, and petition for a writ of mandamus in state court served to toll the running of the limitations period. Albourque errs. When Albourque filed in the trial court his motion for sentencing on March 18, 2009, the statutory period had expired nearly two years earlier. Some properly-filed state court proceedings serve to toll the statute of limitations, but no state court proceeding revives a statutory period once it has expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).). Thus, Albourque's state court proceedings neither tolled nor revived the expired statutory period.

Albourque also argues that the court should consider his mental handicap and his belief that trial counsel was pursuing his appeal in enforcing the statute of limitations and equitably toll the running of the statutory period. Respondent denies that Albourque is entitled to equitable tolling.

Because the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") is not jurisdictional, a court may toll the running of the statutory period if the court believes the equities of the case require it. *Dunlap v. United*

*States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). A court may equitably toll the running of the statutory period if the petitioner demonstrates that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented a timely filing. *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *seeHall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (noting that Holland's two-part test supersedes the Sixth Circuit's previously-used five-part test).

Albourque claims that the statutory period should be tolled because he believed that trial counsel was pursuing his appeal. Judgment of sentence was entered in Albourque's case on March 21, 2006. Albourque did not raise his contention that his trial counsel had failed to pursue an appeal until Albourque filed his petition for a writ of habeas corpus on July 22, 2011.[4] Thus, more than five years elapsed between his attorney's alleged failure to file a direct appeal and Albourque's attempt to address that failure. Abourque's complete failure to monitor his counsel's progress with a supposed appeal for more than five years cannot remotely be described as diligence in pursuing his rights.

Albourque also claims that his mental disability is an extraordinary factor which stood in the way of his fulfilling his legal requirements. A claim of mental disability can

---

[4] Prior to that time, Albourque asserted the contradictory argument that his attorney had failed to inform him of his appellate rights and that he had no knowledge of his appellate rights until about 2010. *See* Traverse at 7-8; *see also* Motion for Leave to File a Delayed Appeal, Answer, Exh. 37, pp. 7-9 (asserting his attorney's failure to tell him of his appellate rights as cause for his delayed appeal).

10

entitle a petitioner to equitable tolling, but only if the petitioner makes a threshold showing of incompetence and demonstrates that this incompetence affected the petitioner's ability to file a timely habeas petition.  *McSwain v. Davis*, 2008 WL 2744640, at *5 (6th Cir. July 15, 2008); *see also Nowak v. Yukins*, 2002 WL 2026196, at *5 (6th Cir. 2002).  In the present case, Albourque merely asserts mental incapacity without offering any evidence to support that assertion.  Consequently, he fails to carry his burden of demonstrating that he is entitled to equitable relief on account of mental disability.

In sum, Albourque fails to demonstrate that he was diligent in pursuing his rights or that some extraordinary circumstance stood in the way of his fulfilling his legal obligations.  For these reasons, Albourque is not entitled to equitable tolling, and his petition should be dismissed because it is barred by the statute of limitations at § 2244(d)(1).

Respondent also argues that Albourque's claims are beyond this court's subject matter jurisdiction and are procedurally defaulted.  In an excess of caution, the court shall also consider these claims

*C.    Subject Matter Jurisdiction*

Respondent also argues that Albourque's claims are not cognizable in habeas proceedings. Respondent contends that Albourque's first and second grounds for relief, that he was denied due process when the state courts failed to issue a final appealable order and that he was denied due process when he was denied his right to appeal his sentence by the lack of a final appealable order, assert only the identical violation of Ohio's sentencing laws and procedural rules and not a federal constitutional violation.

11

Respondent also contends that the first part of Albourque's third ground for relief, that he was denied due process when he was sentenced on multiple charges and sentenced to post release control in multiple documents, also asserts only a violation of Ohio's sentencing laws and procedural rules.

In adjudicating habeas petitions, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990); see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1083) ("[E]rrors in application of state law . . . are usually not cognizable in federal habeas corpus."). Thus, whether the Ohio courts erred under state law in sentencing Albourque or in adjudicating his appeals is a question beyond the subject matter jurisdiction of this court.

Nevertheless, "[w]hen [a] . . . ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 542 (6th Cir. 2003). Courts have very narrowly defined, however, infractions that violate "fundamental fairness." *Id.* (citing *Dowling v. United States,* 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Bugh*, 329 F.3d at 542 (quoting *Seymour v. Walker,* 224 F.3d 542, 552

(6th Cir.2000)).  The court will determine, therefore, whether any of Albourque's grounds for relief state a colorable due process claim.

*1.    Grounds one and two*

Grounds one and two contend that the Ohio courts denied Albourque due process by failing to issue a final appealable order.  Albourque persistently argued in the Ohio courts that the *nunc pro tunc* order of March 13, 2006 and the related order of February 27, 2006 were, together, the final order of sentence in his case.[5]  According to his arguments in state court, these orders did not constitute a final, appealable order under Ohio law.

As already discussed, the state appellate court held that the journal entry of *March 21, 2006* was a final appealable order.  Albourque points to no fundamental principle of justice offended by that determination.  Assuming that the state court's decision was correct, as this court must, Albourque's state appeals failed because he mistakenly assumed that the *nunc pro tunc* order of March 13, 2006 and the related order of February 27, 2006 were the final order of sentence in his case and that those orders were void under Ohio law.  Albourque ignores the March 21, 2006 judgment entry.  The fundamental premise that he was denied due process by the lack of a final, appealable order, therefore, is erroneous.  The only remaining analysis that this court might perform with respect to Albourque's first two grounds for relief is to determine

---

[5] Although it is difficult to determine from Albourque's traverse, he apparently still believes that the *nunc pro tunc* order of March 13, 2006 and the related order of February 27, 2006 were meant to be the final order of sentence.  This court reaches this conclusion from the assertion in his third ground for relief that he was "sentenced on multiple charges and sentenced to post release control in multiple documents."

13

whether the state appellate court was correct in concluding that the journal entry of March 21, 2006 comports with Ohio law.  But that is an analysis that is not within this court's subject matter jurisdiction, absent an argument that the decision violated fundamental fairness.  Albourgue makes no such argument.

Albourque fails to state, therefore, a colorable due process claim.  Instead, his asserts alleged errors of state law that are beyond this court's subject matter jurisdiction to consider.

*2.     Ground three, first part*

Albourque asserts in the first part of his third ground for relief that the Ohio courts denied him due process because he was sentenced on multiple charges and sentenced to post release control in multiple documents.  It is difficult to know precisely what Albourque means in this ground for relief because he offers no explanation or argument for it either in his petition or in his traverse.  As best the court can determine, Albourque is re-asserting the arguments he made in state court that (1) he was improperly sentenced to post-release control because such control was not joined to either of the felonies to which he pleaded guilty, thus making his sentence a nullity under Ohio law, and (2) he was improperly sentenced by means of multiple documents, *viz.*, the *nunc pro tunc* order of March 13, 2006 and the related order of February 27, 2006.  As the court has already discussed, the latter argument is entirely erroneous and states no due process violation.

As regards Albourque's argument that his sentence is a nullity, that argument, too, states no colorable due process claim.  Whether a sentence for post-release control must be conjoined to a particular felony when an offender is guilty of multiple felonies is

14

a purely technical issue of state law.  There is no fundamental principle of justice, and no constitutional principle, that bears on that issue one way or another.  Consequently, Albourque's third ground for relief fails to state a colorable due process claim.  Whether Albourque's sentence is a nullity under Ohio law is a question of state law beyond this court's jurisdiction.

To conclude, Albourque's first and second grounds for relief and the first part of his third ground for relief are outside this court's subject matter jurisdiction.  For these reasons, in addition to the statutory bar at § 2244(d)(1), these claims must be dismissed.

The second part of Albourque's third ground for relief asserts that he was denied the effective assistance of trial counsel when counsel failed to correct the trial court's error in sentencing Albourque on multiple charges and in improperly imposing post release control in multiple documents.  Although respondent asserts that all of Albourque's claims are beyond this court's jurisdiction, she provides no argument to support that contention with respect to his claim of ineffective assistance of counsel.  As that claim appears, on its face, to state a constitutional claim, the court will proceed to consider whether that claim is procedurally defaulted.

D. *Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson v. Harless*,  459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971).  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to

15

respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The "fundamental miscarriage of justice" exception is reserved for a petitioner who demonstrates that he is actually innocent of the crimes for which he was convicted.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent contends that Albourque has defaulted all his grounds for relief.  Albourque does not answer respondent's contention.

Albourque's only claim within the jurisdiction of a federal habeas court is his contention in the second part of his third ground for relief that counsel was ineffective for failing to correct the court's error in sentencing Albourque on multiple charges and improperly imposing post release control in multiple documents, thus rendering the judgment void and non-final.  Albourque failed to raise this claim in the Ohio Supreme Court either on a direct appeal or in his delayed appeal.[6]  Thus, this claim is procedurally defaulted.

---

[6] In his delayed appeal, Albourque argued that his trial counsel had been ineffective for failing to correct the judge's assertion that Albourque had no appellate rights.  Fair presentment requires that any claim raised in federal court have been presented to the state courts as resulting from the same errors under the same legal theories described in the federal claim.  *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987).  Thus, the claim of ineffective assistance of counsel in Albourque's delayed appeal did not allege the same errors under the same legal theory as the claim of ineffective assistance of counsel in his habeas petition.  Therefore, this claim was not fairly presented to the state courts.

16

Albourque makes no argument regarding cause and prejudice for this procedural default or demonstrates that enforcing the default would result in the detention of a petitioner who is actually innocent.  Having failed to present any reason for excusing his procedural default, the default should be enforced against Albourque.

III.

For the reasons given above, Albourque's petition should be dismissed as barred by the statute of limitations.  In the alternative, his first, second, and first portion of his third grounds for relief should be dismissed as beyond this court's subject matter jurisdiction and the second portion of his third ground for relief dismissed as procedurally defaulted.


Date:  July 30, 2012                              /s/ *Nancy A. Vecchiarelli*
                                                  United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**

17