UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOUSSAM ALBOURQUE, | Case No. 1:11 CV 1506 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| MARGARET BRADSHAW, Warden, INSTITUTION, | **ORDER** |
| Respondent. | |

This matter appears before the Court on Petitioner Houssam Albourque's Objections to the magistrate judge's Report and Recommendation ("R&R"), which were filed on August 29, 2012. For the following reasons, Petitioner's objections are OVERRULED and the R&R is hereby ADOPTED in full. The Petition is therefore DISMISSED.

**I. INTRODUCTION**

Petitioner, Houssam Albourque, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.

At trial, Petitioner initially pled not guilty to one count of aggravated murder with a firearm specification, and two counts of aggravated robbery, each with a firearm specification. In a journal entry dated February 27, 2006, Petitioner withdrew his plea of not guilty and entered a plea of guilty to reduced charges. On March 13, 2006, the trial court journalized a *nunc pro tunc* entry for February 27, 2006. This entry declared that if Petitioner failed to testify truthfully at the trials of his co-defendants, the sentencing agreement would be null and void. In a journal entry dated March 21, 2006, the trial court sentenced Petitioner to the stated terms of the sentencing

1

agreement. The sentencing agreement's terms are as follows: 21 years of imprisonment with no early release, including nine years consecutive imprisonment for each of the two felonies, three years for each firearm specification to be served concurrently with each other and consecutively to the other terms of imprisonment, and a mandatory period of five years of post-release control. In addition to the agreed upon sentence, the trial judge also sentenced Petitioner to spend one day every year in solitary confinement on the anniversary of his crime. Petitioner is currently serving his imposed sentence in the custody of the Ohio Department of Rehabilitation and Correction. Petitioner did not timely appeal *any* of the 2006 entries.

 Almost three years after sentencing, Petitioner filed a motion for sentencing in the trial court. In his motion, Petitioner asserted that his original sentencing was void for vagueness because his sentence for post-release control did not specify to which felony conviction it was related. The trial court denied this motion on April 20, 2009. The state appellate court subsequently dismissed Petitioner's appeal *sua sponte* because the order from which Petitioner was appealing was not a final, appealable order. Thus the appellate court concluded that it did not have jurisdiction to hear Petitioner's appeal from the April 20, 2009 Order.

 In June of 2009, Petitioner unsuccessfully moved the trial court for a final, appealable order. Petitioner attacked the *nunc pro tunc* entry of March 13, 2006 and the February 27, 2006 entry of his guilty plea, claiming that these constituted his sentencing entry and that they violated Ohio law because: (1) they sentenced him to an annual day of solitary confinement in violation of Ohio sentencing laws and (2) multiple documents could not be read together to form a final, appealable order. The trial court denied this motion on June 24, 2009.

 On February 12, 2010, Petitioner moved in the trial court to revise and correct his entry of sentence to conform to the requirements of Ohio Crim. R. 32(C). The trial court denied this

motion. Petitioner then filed a petition for a writ of mandamus in the state appellate court on March 16, 2010, asking the appellate court to order the trial court to issue a final appealable order in conformity with Ohio Crim. R. 32(C). The appellate court ultimately granted the state's motion for summary judgment and denied the petition on November 3, 2010. The state appellate court found that the trial court had filed an appealable judgment of sentence on March 21, 2006. Therefore, Petitioner's petition for a writ of mandamus to compel the trial court to issue a "final, appealable order" was unnecessary. The appellate court also noted that a denial of a motion for sentencing, which was the order that Petitioner first appealed to the state appellate court on March 18, 2009, was not a final appealable order under Ohio law. Thus, the state appellate court's decision to dismiss Petitioner's first appeal *sua sponte* for lack of a final, appealable order was correct. The appellate court concluded by observing that Petitioner had not given the appellate court the opportunity to exercise its appellate jurisdiction with respect to whether the entry of sentence against him was a final appealable order.

On December 3, 2010, Petitioner moved to reinstate his appeal. The state appellate court denied this motion on December 6, 2010. On December 14, 2010, Petitioner then filed in the Ohio Supreme Court a notice of appeal of the state appellate court's decision. The Ohio Supreme Court affirmed the judgment of the state appellate court.

Next, Petitioner filed in the state appellate court on January 6, 2011 a notice of delayed appeal and motion for leave to file a delayed appeal pursuant to Ohio App. R. 5(A). Petitioner cited as cause for the delay in filing an appeal the trial court's erroneous assertion at sentencing that he had no appellate rights and his attorney's failure to correct that error. On February 16, 2011, the state appellate court denied him leave to file a delayed appeal. The Ohio Supreme

Court subsequently denied Petitioner's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question on May 25, 2011.

On July 22, 2011, Petitioner filed a petition for a federal writ of habeas corpus in the United States District Court for the Northern District of Ohio Eastern Division. This matter has been fully briefed and the magistrate judge issued an R&R recommending that the Petition for a writ of habeas corpus be dismissed in its entirety. Petitioner has filed Objections to the Magistrate Judge's R&R.

## II. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's R&R, this Court must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 28 U.S.C. 636(b)(1)(C).

## III. LAW & ANALYSIS

*The Antiterrorism and Effective Death Penalty Act of 1996* (AEDPA) governs this Court's review of the instant case. The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. 2254(d). In *Bailey v. Mitchell*, the Sixth Circuit Court of Appeals offered the following guidelines for applying the AEDPA limitations:

> A. Decision of lower federal courts may not be considered.
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
> C. The state court decision may be overturned only if:
> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
> 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court precedent];' or
> 3. 'the state court identifies the correct governing legal rule from [the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;]' or
> 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
> D. Throughout this analysis the federal court may not merely apply its own views on what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established a federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

The statute of limitations under AEDPA reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Petitioner originally stated the following three grounds for relief:

<u>Ground One:</u>

Petitioner was denied due process of law where the state courts have failed to issue a "final appealable order" in the Petitioner's criminal case.

<u>Ground Two:</u>

Petitioner was denied due process of law when he has been repeatedly denied his constitutional right to appeal his sentence and conviction.

<u>Ground Three:</u>

The Petitioner was denied due process when he was sentenced on multiple charges and improperly imposed post release control in multiple documents which renders the judgment of conviction void and non-final not allowing the Petitioner to appeal his criminal case, and counsel failing to correct such error rendering ineffective assistance of counsel.

The magistrate judge recommended dismissing all three of Petitioner's stated grounds for relief. Petitioner objected to the magistrate judge's R&R *in toto*. The Court has conducted a *de novo* review of the magistrate judge's R&R and now adopts the R&R in its entirety.

**A. Grounds One & Two**

The magistrate judge considered Petitioner's first and second grounds for relief to be virtually identical claims. Petitioner's first ground for relief asserts that he was denied due process when the state courts allegedly failed to issue a final appealable order in his case. His second ground for relief contends that he was denied due process when he was denied his constitutional right to appeal his sentence and conviction. According to Petitioner, he was unable to appeal his sentence and conviction because the trial court refused to issue a final, appealable order, which was necessary before he could file an appeal. Thus, the magistrate judge found that both grounds for relief rested upon the same assumption: The trial court failed to issue a final, appealable order.

The magistrate judge explained that Petitioner erred in assuming that the state appellate court's determination that there was no final appealable order referred to the "combined" journal entries of March 13, 2006 (*nunc pro tunc*), and February 27, 2006, or to the journal entry of sentence on March 21, 2006. Rather, the state appellate court ruled that the trial court's denial of the motion for sentencing on April 20, 2009 was not a final order from which Petitioner could appeal. However, the state appellate court ruled in a later decision that the journal entry of March 21, 2006 was a final, appealable order. This Court will not disturb the state appellate court's decision that the entry was a final, appealable order.

> 'Federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers*, 497 U.S. 764 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41 (1984)…[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) see also *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

Because the state appellate court determined that the March 21, 2006 journal entry was a final appealable order, a decision by which this Court is bound, the time to file his petition pursuant to the AEDPA began 30 days after the March 21, 2006 entry. The statutory period therefore expired on April 21, 2007.

In his Objections to the R&R, Petitioner did not present novel objections to the magistrate judge's recommendation that grounds one and two were time-barred under 28 U.S.C. §2244. Rather, Petitioner merely restated the argument contained in his Petition and Traverse that he is entitled to equitable tolling[1] of AEDPA's statute of limitations because of his diminished mental capacity. Moreover, Petitioner took exception with the magistrate judge's recommendation to dismiss his Petition in its entirety based solely on procedural grounds, rather than addressing its merits.

Because Petitioner's Objections as to the magistrate judge's recommendation to dismiss grounds one and two simply recite portions of his Petition and Traverse, they are not recognized as objections as a matter of law. *See Aldrich v. Bock,* 327 F.Supp.2d 743, 747 (E.D.Mich.2004). Because portions of Petitioner's "objections" are merely restatements of previously presented arguments from his Traverse and Petition, the magistrate judge has already addressed these arguments in her R&R. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *Cvijetinovic v. Eberlin,* 617 F.Supp.2d 620, 632

---

[1] This Court discusses Petitioner's equitable tolling claims in its analysis of Petitioner's third stated ground for relief. (*infra*).

(N.D.Ohio 2008), *rev'd on other grounds,* 617 F.3d 833 (6th Cir.2010). The Court is not required to perform a duplicative review of Petitioner's "Objections" that fall outside the purpose of Federal Rule of Civil Procedure 72(b).

Moreover, this Court lacks the jurisdiction to disrupt a state court's application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As explained above, it is well established that relief under the AEDPA does not lie for errors of state law and that it is not this Court's duty to "reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." Id.  Thus, whether the Ohio courts erred under state law in sentencing Petitioner or in adjudicating his appeals is a question beyond the subject matter of this Court, absent a constitutional violation.  However, "[W]hen [a]…ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Courts have very narrowly defined infractions that violate "fundamental fairness." *Id*. (citing *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

As discussed above, the state appellate court held that the journal entry of March 21, 2006 was a final, appealable order. Petitioner failed to timely appeal from this Order.  Having thus sat on his rights for nearly three years before raising an issue, this Court will not disturb a state court ruling on the application of a state law issue, i.e., what constitutes a final, appealable order.  Petitioner does not argue that the ruling resulted in a denial of fundamental fairness. Accordingly, Petitioner's objections on these grounds are overruled.

### B. Ground Three

Petitioner's third ground for relief asserts that his right to due process was violated because: his sentence of post-release control was not linked to a particular crime for which he was sentenced, he was sentenced using multiple documents (the *nunc pro tunc* order of March 13, 2006 and the related order of February 27, 2006), the trial court failed to inform him of his appellate rights, and that his attorney failed to correct the judge's error or inform him of his right to appeal.

This Court finds that Petitioner's third stated ground for relief is also time-barred by AEDPA's statute of limitations. As explained above, Petitioner had until April 21, 2006 to file a direct appeal and failed to do so. When Petitioner failed to file a direct appeal, the statutory period began to run and expired one year later on April 21, 2007.

Petitioner first claims that the statutory period had not yet expired when he filed his petition for a writ of habeas corpus. Specifically, Petitioner asserts that the statute of limitations was tolled by his filings of numerous motions, appeals, and petition for a writ of mandamus in state court. Petitioner's argument is erroneous. As the magistrate judge explained in the R&R, the statute of limitations under AEDPA expired on April 21, 2007. Petitioner did not file his motion for sentencing until March 18, 2009, nearly two years after the statutory period had already expired. The magistrate judge also correctly noted that while some state court proceedings can serve to toll the statute of limitations, no state court proceeding can revive a statutory period once it has expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus, Petitioner's state court proceedings neither tolled nor resurrected the expired statutory period.

Petitioner next argues that he is entitled to equitable tolling of the statute of limitations. First, he contends that his mental handicap prevented him from fulfilling his legal requirements

under AEDPA. Second, he contends that his counsel failed to file an appeal despite his belief that an appeal was underway.

AEDPA's limitations period is subject to equitable tolling. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (2011) (citing *Holland v. Florida*, ___ U.S. ___, (2010)). Equitable tolling allows court to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Robinson v. Easterling*, 424 Fed.Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Both ineffective assistance of counsel and "a substantial, involuntary delay in learning about the status of their appeals" *may* constitute extraordinary circumstances sufficient to warrant relief. *See id*. Despite the presence of such circumstances, the statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence. *Id*. Thus, to demonstrate that one is entitled to equitable tolling, a habeas petitioner must establish: (1) that he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562; see also *Hall*, 662 F.3d at 749. Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (2011).

Here, Petitioner has failed to meet his burden of persuasion. First, a claim of mental disability can entitle a petitioner to equitable tolling, but only if the petitioner makes a threshold showing of incompetence and demonstrates that his incompetence affected his ability to file a timely habeas petition. *McSwain v. Davis*, 2008 WL 2744640, at *5 (6th Cir. July 15, 2008). In the instant case, Petitioner merely asserts mental incapacity without offering any evidence to

support that assertion. Petitioner's claim, without any corroborating proof, fails to meet his burden of demonstrating that he is entitled to equitable relief on account of mental disability. Secondly, Petitioner did not raise his claim regarding his attorney's failure to pursue an appeal until filing his petition for a writ of habeas corpus on July 22, 2011. The trial court sentenced Petitioner on March 21, 2006. Thus, more than five years elapsed between his attorney's alleged failure to file a direct appeal and Petitioner's attempt to rectify that failure. Petitioner's failure to monitor his counsel's progress for more than five years simply is not a "diligent" pursuit of one's rights.

Petitioner has failed to meet his burden of persuasion in demonstrating a "diligent" pursuit of his rights or that some extraordinary circumstance prevented him from fulfilling his legal obligations. Petitioner is therefore not entitled to equitable tolling, and his third ground for relief is hereby dismissed because it is barred by the statute of limitations under 28 U.S.C. §2244(d)(1).

Moreover, other procedural deficiencies also block Petitioner from succeeding on his third stated ground for relief. First, Petitioner claims that he was improperly sentenced to post-release control because it was not linked to either of the felonies to which he pleaded guilty, thus making it a nullity under Ohio law. This assertion, however, states no colorable due process claim. Petitioner's argument questions whether his sentence was proper under state law. No fundamental principle of justice or constitutional principle is presented in Petitioner's claim regarding post-relief control. Whether Petitioner's sentence is a nullity under Ohio law is a question of state law, and thus beyond the subject matter jurisdiction of this Court.

Secondly, Petitioner procedurally defaulted on his claim of ineffective assistance of counsel. Procedural default occurs when a petitioner fails to present fairly his constitutional

claims to the highest state court in a federal constitutional context. *Anderson v. Harless*, 459 U.S. 4 (1982). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law…not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In instances of procedural default, federal habeas review of the defaulted claims is barred unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the present case, Petitioner failed to raise his ineffective assistance of counsel claim in the Ohio Supreme Court either on direct or delayed appeal. Although Petitioner did raise an ineffective assistance of counsel claim on delayed appeal as it related to counsel's alleged failure to correct the judge's assertion that Petitioner had no appellate rights, he did not raise this specific issue. As the magistrate judge correctly notes, fair presentment requires that any claim raised in federal court have been presented to state courts as resulting from the same errors under the same legal theories described in the federal claim. *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). Thus, the ineffective assistance of counsel claim in Petitioner's delayed appeal did not allege the same errors under the same legal theory as the claim of ineffective assistance of counsel in his habeas petition. Therefore, Petitioner procedurally defaulted on this claim because he did not fairly present it to the state courts.

Lastly, Petitioner's claim that he was sentenced to post-release control in multiple documents is, again, erroneous. As stated previously, Petitioner was sentenced via the journal entry dated March 21, 2006, not under the *nunc pro tunc* order of March 13, 2006 and the related

order of February 27, 2006. Thus, Petitioner states no intelligible due process violation regarding his "multiple documents" sentencing claim.

## IV. CONCLUSION

For the reasons set forth herein, this Court finds no merit to the Petitioner's Objections. Therefore, Petitioner's Objections are OVERRULED. The Court has reviewed the R&R, and having found it legally and factually accurate, ADOPTS the R&R in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c)(1)(A); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DATE: February 28, 2013         /s/ John R. Adams
                                Judge John R. Adams